UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENNIE FORD EL, | ) | CASE NO. 1:18 CV 1592 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| BENNIE FORD AKA BENNIE | ) | **MEMORANDUM OF OPINION** |
| FORD, JR., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Bennie Ford El has filed in this Court a civil action against Bennie Ford aka Bennie Ford, Jr. (Doc. 1.) In his one-paragraph complaint, as best the Court can discern, Plaintiff alleges Defendant committed "[s]lander, libel, wantonness and deception" in the course of assuming Plaintiff's identity for the purpose of conducting numerous unspecified transactions. (*Id.* at 1-2.) For the reasons stated below, the Court dismisses Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See, e.g., Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they only have authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* "It is to be presumed[,]" therefore, "that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of*

*Am.*, 511 U.S. 375, 377(1994) (internal citation omitted); *see also* Fed. R. Civ. P. 8 (plaintiffs in federal court have the burden of pleading sufficient facts to support the existence of the court's jurisdiction).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different States." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). Here, Plaintiff states that both he and Defendant reside in Cleveland, Ohio. (Doc. 1 at 1.) The complaint, as written, therefore, suggests that Plaintiff and Defendant are citizens of Ohio, and federal subject matter jurisdiction in this case cannot be based on diversity of citizenship.

If federal jurisdiction exists here, then, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, a district court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what a plaintiff alleges, it allows the court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Plaintiff is proceeding *pro se,* and is therefore entitled to the benefit of a liberal construction of his pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation . . . to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. 519, 520 (1972). Even liberally construed, however, Plaintiff's complaint fails to properly identify a federal question in this case. He asserts claims of slander, libel, wantonness, and deception. (Doc. 1 at 1.) But these claims arise, if at all, strictly under Ohio law, and this Court lacks federal jurisdiction over them.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is granted, and Plaintiff's complaint (Doc. 1) is dismissed under 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.

**IT IS SO ORDERED.**

Dated: *September 4, 2018*

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge